Xin Tian, Esq. (State Bar No. 363544)
19800 MacArthur Blvd., Suite 570
Irvine, CA 92612
TEL: 949-213-5199 | EMAIL: SUNREBORN@GMAIL.COM
ATTORNEY FOR PETITIONER JIANXIAN YU

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| JIANXIAN YU, | ) Case No. _______________ |
| | ) |
| Petitioner, | ) **PETITION FOR WRIT OF** |
| | ) **HABEAS CORPUS PURSUANT** |
| v. | ) **TO 28 U.S.C. § 2241** |
| | ) |
| THOMAS GILES, Field Office Director, | ) [IMMIGRATION DETENTION] |
| ICE ERO Los Angeles; WARDEN, | ) |
| Adelanto | ) |
| ICE Processing Center; DIRECTOR, U.S. | ) |
| Immigration and Customs Enforcement; | ) |
| SECRETARY, U.S. Department of | |
| Homeland | |
| Security, | |
| | |
| Respondents. | |

## I. INTRODUCTION

1. Petitioner Jianxian Yu is a 52-year-old citizen of the People's Republic of China who entered the United States lawfully in 2019 and has lived here openly for more than six years while pursuing a pending application for asylum. He owns a business, holds a California driver's license, belongs to a church, and has complied with every requirement the immigration authorities have imposed. The Government knew his identity, status, and location throughout. Yet on April 9, 2026, when Petitioner appeared as instructed for an interview on his own asylum application, officers of the ICE Foreign Fugitive Unit arrested him inside the interview room—**with no prior notice, no hearing, and no opportunity to be heard**. The sole charge against him is that he overstayed his visa. **He has no criminal conviction of any kind in the United States.**

2. Petitioner's detention violates the Due Process Clause of the Fifth Amendment. Petitioner held a protected liberty interest in remaining at liberty while pursuing his application, and the Government could not extinguish that interest without pre-deprivation process. The post-detention bond hearing he later received—denied on the basis of a foreign warrant the Government never produced—does not cure that violation. Petitioner seeks a writ of habeas corpus ordering his immediate release on the conditions that existed before his unlawful arrest.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. § 2241 and 28 U.S.C. § 1331. Petitioner is in custody in violation of the Constitution and laws of the United States. 28 U.S.C. § 2241(c)(3).

4. Venue is proper in this District and Division because Petitioner is detained at the Adelanto ICE Processing Center in Adelanto, San Bernardino County, California, within the Eastern Division of the Central District of California, and his immediate custodian is located here.

## III. PARTIES

5. Petitioner Jianxian Yu is a native and citizen of the People's Republic of China, Alien Registration No. A220-038-048. He is currently detained at the Adelanto ICE Processing Center, 10400 Rancho Road, Adelanto, California 92301.

6. Respondent Warden / Facility Administrator of the Adelanto ICE Processing Center is Petitioner's immediate custodian.

7. Respondent Thomas Giles is the Field Office Director of ICE Enforcement and Removal Operations, Los Angeles Field Office, and is responsible for Petitioner's custody. Respondent Director of U.S. Immigration and Customs Enforcement and Respondent Secretary of the U.S. Department of Homeland Security are responsible for the administration of the immigration laws and for Petitioner's detention. All Respondents are sued in their official capacities.

## IV. EXHAUSTION OF REMEDIES

8. In this Section 2241 custody challenge, exhaustion of administrative remedies is not jurisdictional; it is, at most, a prudential requirement, and it should be excused here.

9. Petitioner's constitutional injury is the complete absence of any pre-deprivation process before his April 9, 2026 arrest and detention. That injury cannot be cured through the immigration courts. Neither an immigration judge nor the Board of Immigration Appeals may adjudicate constitutional challenges to the procedures they administer. *See Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013). More fundamentally, neither tribunal can turn back the clock to furnish the pre-deprivation hearing Petitioner was owed. Even if Petitioner were to obtain a favorable bond ruling on administrative appeal, the constitutional injury—detention imposed with no prior process—would already have occurred and would remain unredressed. Requiring further exhaustion would therefore be futile and would perpetuate irreparable harm. In any event, Petitioner sought a bond redetermination before the immigration court, which was denied on April 29, 2026. (Ex. C.)

## V. STATEMENT OF FACTS

10. On December 9, 2019, Petitioner was lawfully admitted to the United States at Los Angeles International Airport as a nonimmigrant visitor (B-2). (Ex. D.) Since that date, he has never left the United States.

11. On February 24, 2021, Petitioner filed an Application for Asylum and for Withholding of Removal (Form I-589) with U.S. Citizenship and Immigration Services ("USCIS"). His application has remained pending ever since. (Ex. E.) An asylum officer has found that Petitioner has a credible fear of persecution or torture. (Ex. A.)

12. During his more than six years in the United States, Petitioner has lived openly and built his life here. He established and owns a business, Multi Container

LLC, in Chino, California. (Ex. F.) He holds a California REAL ID driver's license. (Ex. B.) He is a member of the Chino Valley Chinese Seventh-day Adventist Church, where he was baptized and received into membership on November 22, 2025. (Ex. F.) He has filed and paid his taxes.

13. Throughout his time in the United States, Petitioner complied with every requirement imposed by the immigration authorities. He retained counsel, prosecuted his application, and appeared for every appointment and interview the Government scheduled.

14. On March 4, 2026, USCIS scheduled Petitioner for an interview on his own pending asylum application, to be held on April 9, 2026, at the USCIS office located at 14101 Myford Road, Tustin, California. (Ex. B.)

15. On April 9, 2026, Petitioner appeared as instructed, checked in with security, was escorted to an interview room, and participated in the interview. (Ex. B.)

16. At the conclusion of the interview, officers of ICE Enforcement and Removal Operations' Foreign Fugitive Unit entered the interview room, identified themselves as ICE officers, and arrested Petitioner. (Ex. B.) The Government's own record reflects that the operative basis for the arrest was a “lead referral” from USCIS identifying Petitioner as the subject of a foreign warrant issued by authorities in the People's Republic of China—**not any United States criminal charge or judicial warrant**. (Ex. B.)

17. Before that moment, Petitioner received no notice—written or oral—that his liberty was at risk. He was given no opportunity to be heard, and no opportunity to present evidence that he is neither a danger nor a flight risk,

before he was taken into custody. **No neutral decision-maker ordered his detention beforehand.** (Pet. Decl. ¶ 8.)

18. The sole charge in Petitioner's Notice to Appear is that he remained in the United States longer than his visa permitted, in violation of INA § 237(a)(1)(B). (Ex. A.) **Petitioner has no criminal conviction of any kind in the United States.** (Ex. A; Ex. B.)

19. On April 29, 2026, an immigration judge denied Petitioner's request for bond, finding that Petitioner had not met his burden to establish that he is not a flight risk—a determination premised on the foreign warrant. (Ex. C.)

20. The Government's submission of bond evidence to the immigration court consisted of Petitioner's Form I-213 and various records checks. It **did not include the foreign warrant itself, any charging document, any underlying evidence, or any authentication** of the foreign accusation. (Ex. G.)

21. Petitioner has been detained at the Adelanto ICE Processing Center since April 9, 2026, and remains detained today.

## VI. CLAIMS FOR RELIEF

### CLAIM ONE

### Deprivation of Liberty Without Procedural Due Process (Fifth Amendment)

22. Petitioner realleges and incorporates the foregoing paragraphs.

23. The Due Process Clause of the Fifth Amendment applies to all persons within the United States, including noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001); *see also Trump v. J.G.G.*, 604 U.S. 670, 673 (2025) (per curiam). Freedom from physical detention "lies at the heart of the liberty" the Clause protects. *Zadvydas*, 533 U.S. at 690.

24. Petitioner had a protected liberty interest in remaining at liberty in the community. He entered lawfully, pursued lawful status through the established process, and the Government—with full knowledge of his identity, status, and location for more than five years—repeatedly chose not to detain him. That sustained governmental decision gave rise to a protected liberty interest in his continued release. *See, e.g., Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); *Kharitonova v. Albarran*, 2026 WL 531441, at *2 (N.D. Cal. Feb. 25, 2026).

25. That the Government never previously detained Petitioner and then released him does not defeat this liberty interest. A person whom the Government, with full knowledge and ample opportunity, chose never to detain has the same interest in his continued freedom as a person who was detained and then released. *Kharitonova*, 2026 WL 531441, at *2 ("[T]he Government . . . made a decision not to detain her in the first place; Petitioner thus has the same liberty interest in her continued freedom as an individual who was initially detained.").

26. The Government deprived Petitioner of that liberty interest **with no pre-deprivation process whatsoever**—no notice, no hearing, and no neutral adjudication before his arrest and detention.

27. Under *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), each factor confirms that pre-deprivation process was constitutionally required. First, Petitioner's private interest in freedom from detention is substantial. Second, the risk of an erroneous deprivation without any hearing is high, because the "opportunity to be heard at a meaningful time and in a meaningful manner" was entirely denied. Third, the Government had no countervailing interest in detaining Petitioner without process: it controlled the time and place of his appearance, and no emergency or flight exigency justified arresting him without a prior hearing when he appeared, as directed, for a scheduled Government interview.

28. **The post-detention bond hearing did not cure the violation**, and the availability of a bond hearing under 8 U.S.C. § 1226(a) does not satisfy the process Petitioner was due. A bond hearing after the fact is no substitute for the pre-deprivation process Petitioner was owed; by then he had already suffered the very deprivation of liberty that process was meant to prevent. *See Hasratyan v. Bondi*, 2026 WL 288909, at *4 (C.D. Cal. Feb. 2, 2026); *Saballos Rosales v. Noem*, 2026 WL 761371, at *3 (C.D. Cal. Mar. 16, 2026); *Ortega*, 415 F. Supp. 3d at 970.

29. Petitioner's detention therefore violates the Due Process Clause, and the appropriate remedy is to restore the status quo ante by releasing Petitioner on the conditions that existed before the unlawful arrest.

**CLAIM TWO**

**Deprivation of Liberty Based on Legally and Procedurally Defective Evidence (Fifth Amendment)**

30. Petitioner realleges and incorporates the foregoing paragraphs.

31. The immigration judge's determination that Petitioner is a flight risk—the sole asserted basis for his continued detention—**rested on a foreign warrant that the Government never produced**. The Government's own records reflect only a second-hand “lead referral” describing Petitioner as the subject of a warrant issued by authorities in the People's Republic of China. (Ex. B.) The Government's submission of bond evidence did not include the warrant itself, any charging document, any underlying evidence, or any authentication of the foreign accusation. (Ex. G.) Petitioner therefore had **no meaningful opportunity to examine or to rebut** the accusation on which his detention rests.

32. Treating an unproduced, unauthenticated, second-hand foreign accusation as an established fact—and detaining a person on that basis without affording him any opportunity to test it—is not a permissible exercise of discretion but a deprivation of liberty resting on legally and procedurally defective evidence, in violation of the Due Process Clause. **Petitioner does not ask this Court to reweigh properly admitted evidence**; he asks the Court to hold that reliance on such untested evidence, with no opportunity to rebut, cannot justify his detention. 8 U.S.C. § 1226(e) does not bar this claim, because it challenges the legal and constitutional adequacy of the process afforded, not a discretionary judgment made on a proper record.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Petitioner respectfully requests that this Court:

a. Issue a writ of habeas corpus and declare that Petitioner's detention violates the Due Process Clause of the Fifth Amendment;

b. Order Respondents to release Petitioner immediately on the conditions that existed before his April 9, 2026 arrest, or, in the alternative, order a constitutionally adequate hearing at which the Government bears the burden of justifying his detention by clear and convincing evidence;

c. Award Petitioner his costs and reasonable attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412; and

d. Grant such other and further relief as the Court deems just and proper.

Dated: July 19, 2026

*/s/* Xin Tian
Xin Tian, Esq.
Attorney for Petitioner Jianxian Yu