**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JIANXIAN YU,<br>Petitioner,<br>v.<br>THOMAS GILES, et al.,<br>Respondents. | Case No. 5:26-cv-04692-MBK<br><br>ORDER GRANTING PETITION AND ISSUING A WRIT OF HABEAS CORPUS |

Petitioner Jianxian Yu is in the custody of the Department of Homeland Security ("DHS") at the Adelanto Detention Facility. Petitioner entered the United States on a non-immigrant visa in 2019. He subsequently submitted an application for asylum and was granted employment authorization while his case remains pending. Over the past five years, Petitioner has appeared for his appointments in his immigration case and built a life in the United States, including by starting a business and becoming an active member in his church community.

On April 9, 2026, Petitioner appeared as instructed for an interview for his asylum application. At the conclusion of the interview, Immigration and

Customs Enforcement ("ICE") officers arrested Petitioner and later transferred him to the Adelanto Detention Facility. Petitioner filed the instant habeas action on August 18, 2026. Petitioner challenges his ongoing detention on procedural and substantive due process grounds and requests that the Court order his immediate release. Respondents filed an Answer in which they argue that Petitioner has not exhausted administrative remedies, but do not address Petitioner's due process claims on the merits.

For the reasons that follow, the Court finds Petitioner was not required to exhaust his constitutional claims and that his detention violates due process. It therefore grants the Petition and orders that Respondents immediately release Petitioner from their custody.

## I. FACTS AND PROCEDURAL HISTORY

Petitioner Jianxian Yu is a 52-year-old native and citizen of the People's Republic of China. Dkt. 1 at 2. On December 9, 2019, Petitioner was lawfully admitted to the United States at Los Angeles International Airport as a nonimmigrant visitor (B-2 Visa) that expired on June 8, 2020. *Id.* at 4; Dkt. 1-3 at 4. Petitioner has remained in the United States since December 2019. Dkt. 1 at 4.

On February 24, 2021, Petitioner filed an Application for Asylum and for Withholding of Removal (Form I-589) with United States Citizen and Immigration Services ("USCIS"). *Id.*; Dkt. 1-3 at 18-29. Petitioner's application for asylum remains pending. During his time in the United States, Petitioner has lived freely and built a life for himself. He owns his own business, holds a California REAL ID driver's license, has filed and paid taxes, and is a member of the Chino Valley Chinese Seventh-Day Adventist Church, where he was baptized and received into membership in 2025. Dkt. 1

at 4-5. Petitioner has complied with all requirements imposed by immigration authorities. *Id.* at 5. He has retained counsel, prosecuted his application for asylum and withholding of removal, and appeared for all appointments and interviews scheduled by the Government. *Id.* He does not have any criminal convictions in the United States. *Id.* at 6.

On March 4, 2026, USCIS scheduled Petitioner for an interview on his pending asylum application, to be held on April 9, 2026, at the USCIS office located at 14101 Myford Road, Tustin, California. *Id.* On April 9, 2026, Petitioner appeared as instructed, checked in with security, was escorted to an interview room, and fully participated in the interview. *Id.* At the conclusion of the interview, officers of the ICE Enforcement and Removal Operations' Foreign Fugitive Unit entered the interview room, identified themselves as ICE officers, and arrested Petitioner. *Id.* Petitioner's Form I-213 states that the basis for the arrest was a "lead referral" from USCIS identifying Petitioner as the subject of a foreign warrant issued by authorities in the People's Republic of China. *Id.*; Dkt. 1-3 at 10. Before that moment, Petitioner received no notice that his liberty was at risk. Dkt. 1 at 5. Petitioner was not given an opportunity to be heard or present evidence that he is neither a flight risk nor danger prior to his detention. *Id.* at 5-6. The sole charge in Petitioner's Notice to Appear is that he overstayed his visa in violation of I.N.A. § 237(a)(1)(B). Dkt. 1-3 at 4.

Petitioner requested a bond hearing. The Government's submission of bond evidence to the Immigration Court consisted of Petitioner's Form I-213 and various records checks, but did not include the foreign warrant, any charging document, any underlying evidence, or any authentication of the foreign accusation. Dkt. 1-3 at 47-93. On April 29, 2026, an Immigration Judge ("IJ") denied Petitioner's request because Petitioner "failed to meet his

burden to establish that he is not such a significant risk of flight that no amount of bond or alternatives to detention would be sufficient to mitigate it." *Id.* at 13.

Petitioner filed the instant Petition and an Ex Parte Application for Temporary Restraining Order ("TRO") on August 18, 2026. Dkt. 1, 3. Petitioner alleges that his detention violates procedural due process and substantive due process. Dkt. 1 at 6-9. He asks the Court to order his immediate release, or, in the alternative, order a constitutionally adequate hearing at which the Government bears the burden of justifying his detention by clear and convincing evidence. *Id.* at 10. In the TRO application, Petitioner argues that ex parte relief is necessary because he faces an ongoing and escalating risk of harm due to his ignored medical requests and untreated conditions. Dkt. 3 at 2. On the same date, (1) the Court issued Notice of General Order 26-05 and Briefing Schedule, and (2) ordered Respondents to file a response to Petitioner's TRO application by August 19, 2026 at 5 p.m. Dkt. 6, 7.

On August 19, 2026, Respondents filed their Answer to the Petition and Opposition to Petitioner's Application for TRO. Dkt. 9. Respondents state that Petitioner is detained pursuant to 8 U.S.C. § 1226(a) and that they "oppose release in this matter as Petitioner has received a bond hearing and has not filed an appeal of the bond determination he received." *Id.* at 2. They argue that the TRO and Petition should be denied because (1) Petitioner has not exhausted his administrative remedies; (2) the Court cannot reweigh the evidence considered by the IJ at Petitioner's bond hearing; (3) Petitioner has the available remedy of requesting a prolonged detention hearing pursuant to *Rodriguez v. Robbins*, 715 F.3d 1127 (9th Cir. 2013) once he has been detained

for six months; and (4) Petitioner's dissatisfaction with detention conditions is not a basis for habeas relief. *Id.* at 3-8.

Petitioner timely filed his reply on August 20, 2026. Dkt. 10. The parties consented to the jurisdiction of the undersigned Magistrate Judge. Dkt. 11.

## II. DISCUSSION

Petitioner Jianxian Yu claims that he is entitled to immediate release from custody because his detention without pre-deprivation notice or a hearing violates procedural due process. Dkt. 1 at 6-8. Respondents argue that the Court should decline to address Petitioner's claims because he has not fully exhausted administrative remedies by appealing his bond denial to the BIA and that the Court lacks jurisdiction to review the IJ's bond determination. Dkt. 9 at 3-6. Respondents also argue that Petitioner has been afforded adequate medical care at Adelanto and, in any event, challenges to medical care are not cognizable in habeas. *Id.* at 7-8. In his reply brief, Petitioner clarifies that he is not seeking federal court review of the IJ's bond determination or the adequacy of his medical care. Dkt. 10 at 5-7. He further argues that the Court should grant the Petition because Respondents do not address his procedural due process claim. *Id.* at 3.

Because Petitioner does not seek review of the IJ's bond determination or his conditions of confinement, the sole issues before the Court are whether Petitioner was required to fully exhaust his claims and, if not, whether his detention violates due process. The Court addresses these issues in turn.

### A. Petitioner Was Not Required to Exhaust His Due Process Claims

Respondents claim that Petitioner has not fully exhausted administrative remedies by appealing the IJ's bond denial to the BIA. Dkt. 9 at 3-4. Petitioner argues that exhaustion should be excused because the

immigration courts cannot "adjudicate constitutional challenges to the procedures they administer" and "neither tribunal can turn back the clock to furnish the pre-deprivation hearing Petitioner was owed." Dkt. 1 at 4; Dkt. 10 at 4.

While administrative exhaustion is not a jurisdictional requirement for habeas petitions filed under 28 U.S.C. § 2241, courts typically "require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241" as a "prudential matter." *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal citations and quotations omitted). Because exhaustion is not jurisdictional, courts "have discretion to waive a prudential requirement." *Laing v. Ashcroft*, 370 F.3d 994, 998 (9th Cir. 2004). A court may waive the exhaustion requirement when "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Id.* at 1000 (internal quotations and citations omitted).

The Court agrees with Petitioner that exhaustion is not required given the nature of Petitioner's claims. Petitioner does not seek review of the IJ's determination, but rather advances an independent claim that due process required notice and a hearing before he was detained. As Petitioner observes, the BIA cannot consider such claims because it "does not have jurisdiction to

determine the constitutionality of the statutes it administers." *Padilla-Padilla v. Gonzales*, 463 F.3d 972, 977 (9th Cir. 2006); *See In Re Fuentes-Campos*, 21 I. & N. Dec. 905, 912 (BIA 1997) ("It is well settled that we lack jurisdiction to rule on the constitutionality of the Act and the regulations we administer."). Moreover, Petitioner's due process claims are essentially uncontested. As such, an "'administrative appellate record is not necessary to resolve'" Petitioner's constitutional claims. *Miri v. Bondi*, No. 5:26-CV-00698-MEMF-MAR, 2026 WL 622302, at *10–11 (C.D. Cal. Mar. 5, 2026) (quoting *Hernandez v. Sessions*, 872 F.3d 976, 989 (9th Cir. 2017)).

**B. Petitioner's Detention Violates Due Process**

The Court now turns to the merits of Petitioner's due process claim. Petitioner argues that procedural due process principles prohibited the Government from detaining him without notice and an opportunity to be heard. Dkt. 1 at 7-8. As Petitioner observes, Respondents' Answer does not meaningfully address his procedural due process claim. Respondents "do not dispute that Petitioner held a protected liberty interest in his continued freedom," address the authority he cited in support of his due process claim, "undertake the *Mathews* analysis," or address his argument that "a bond hearing conducted after the fact does not supply the process that was due before it." Dkt. 10 at 3.

Respondents' failure to meaningfully contest Petitioner's procedural due process claim in their Answer is a concession that the Petition should be granted. *See Singh v. Warden Desert View Annex, et al.*, No. 26-cv-00440-FMO-AJR, Dkt. 9 (C.D. Cal. Feb. 9, 2026) (granting petition where "the court construes respondents' failure to address petitioner's due process claim as a concession of petitioner's argument"); *Soleimani v. Larose*, No. 25-cv-3082-DMS-DEB, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) (granting

petition because, "[b]y failing to respond to the claims actually asserted, Respondents have conceded the claims"); *see also N-E-M-B v. Wamsley*, No. 3:25-cv-989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition."; *E-M-v. Hermosillo*, No. 3:25-cv-1083-SI, 2026 WL 883776, at *1 (D. Or. Mar. 31, 2026) ("Respondents do not challenge Count Three on the merits and thus the Court finds that Respondents have waived any such challenge and conceded those aspects of Count Three of the Petition"); *Rojas v. Mullin*, No. 26-cv-1437-FMO-MAA, 2026 WL 1105039, at *1 (C.D. Cal. Apr. 17, 2026) (granting petition where "the court construes respondents' failure to address petitioner's due process claim as a concession"); *Khoury v. Noem*, No. 5:26-cv-00113-SRM-MBK, 2026 WL 846040, at *3 (C.D. Cal. Jan. 22, 2026) (granting TRO requiring the petitioner's release where "the Court construes Respondents' failure to address this argument as a concession that Petitioner is likely to succeed on the merits of this claim").

In light of Respondents' non-opposition, the Court concludes that Petitioner's ongoing detention violates due process. This Court has previously found due process requires pre-deprivation notice and opportunity to be heard when ICE seeks to re-detain a noncitizen previously released from custody and that ICE may only re-detain such noncitizens based on a material change in circumstances. *See e.g., Sun v. Warden of Adelanto ICE Processing Center, et al.*, No. 5:26-CV-03595-MBK, 2026 WL 2058437, at *1 (C.D. Cal. July 14, 2026); *Yataco v. Warden, Adelanto Det. Facility*, No. 5:25-cv-03229-JAK-MBK, 2025 WL 4065463, at *4 (C.D. Cal. Dec. 26, 2025), *adopted*, 2026 WL 158151 (C.D. Cal. Jan. 16, 2026).

Courts have extended these principles to cases in which a noncitizen had not been released from immigration custody previously, but where the record indicates that the Government "deliberate[ly] acquiesce[d]" in the noncitizen's remaining at liberty in the United States. *See Martinez v. Acting Warden of the Adelanto Detention Center*, No. 5:26-cv-02635-ACCV, 2026 WL 2262269, at *5 (C.D. Cal. Aug. 5, 2026); *Gagik T. v. Chestnut*, No. 1:26-cv-04337-MWJS, 2026 WL 1837413 (E.D. Cal. June 25, 2026) (holding that a visa overstayer with a pending asylum application "possesses a constitutionally protected liberty interest that the Government cannot extinguish without affording pre-deprivation process"); *Kharitonova v. Albarran*, No. 3:26-CV-01362-JSC, 2026 WL 531441, at *2 (N.D. Cal. Feb. 25, 2026) (concluding that noncitizen who overstayed nonimmigrant visa and entered removal proceedings, but was never detained, had a protected liberty interest in remaining free). This case is comparable. Petitioner became subject to detention under 8 U.S.C. § 1226(a) after his visa expired, but the Government elected not to detain him and instead granted him employment authorization while his asylum case remains pending. As Petitioner explains, "for more than five years the Government knew exactly who and where Petitioner was, authorized him to work, and chose not to detain him." Dkt. 10 at 3.

Based on Respondents' non-opposition and for the reasons stated in *Martinez*, the Court finds that Petitioner's detention violates due process. Because Petitioner's detention has been unlawful from the outset, the Court concludes that "Petitioner's prompt release is the remedy that will best return Petitioner to the status quo and restore his position as it was prior to the" constitutional violation. *Chowdhury v. Lyons*, No. 5:26-cv-01252-MEMF-E, 2026 WL 1045562, at *7 (C.D. Cal. Apr. 13, 2026); *Movsesyan v. Bondi*, No. 5:26-CV-00875-MBK, 2026 WL 712824, at *4 (C.D. Cal. Mar. 9, 2026).

"[C]ourts in this District have concluded that a post-deprivation bond hearing ordinarily 'is not an adequate substitute' for a pre-deprivation hearing." *Herman v. DHS*, No. 5:26-cv-01995-MBK, 2026 WL 1723960, at *5 (C.D. Cal. June 12, 2026) (collecting cases). This is because "the purpose of habeas remedies is to put the defendant back in the position he would have been in if the constitutional violation never occurred." *Lujan v. Garcia*, 734 F.3d 917, 935 (9th Cir. 2013) (cleaned up). *See also United States v. Stein*, 541 F.3d 130, 146 (2d Cir. 2008) (recognizing that the "[t]he appropriate remedy for a constitutional violation is one that as much as possible restores" a litigant "to the circumstances that would have existed had there been no constitutional error") (cleaned up). This principle has particular force where, as here, the protections at issue are intended to prevent an unlawful detention in the first place. *See United States v. Morrison*, 449 U.S. 361, 364 (1981) (observing "the general rule that remedies should be tailored to the injury suffered").

## III. CONCLUSION

For the foregoing reasons, the Court ORDERS that (1) Judgment be entered GRANTING the Petition; (2) a writ of habeas corpus be issued requiring Jianxian Yu's (A# 220-038-048) immediate release and enjoining Respondents from re-detaining him without first providing notice and a hearing before a neutral arbiter in which the government bears the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community; and (3) Respondents shall file a status report no later than three (3) days from the date of this Order confirming that Petitioner has been released from Respondents' custody consistent with this Order.

Dated: August 21, 2026

HON. MICHAEL B. KAUFMAN
UNITED STATES MAGISTRATE JUDGE